NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GLENN A. ROTHENBERG, : | |
| : | Civil Action No. 10-6622 (SRC) |
| Plaintiff, : | |
| : | **OPINION & ORDER** |
| v. : | |
| : | |
| BREVARD FINANCIAL, LTD., et al., : | |
| : | |
| Defendants. : | |
| : | |
| : | |

**CHESLER**, District Judge

This matter comes before the Court on the motion to remand filed by Plaintiff Glenn A. Rothenberg ("Plaintiff") [docket entry no. 3]. Defendant Steven Pasternak ("Defendant") has opposed the motion. The Court has considered the papers submitted by the parties and opts to rule on the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, the Court will grant Plaintiff's motion to remand this action.

This action was removed by Defendant by a petition filed December 21, 2010. The petition asserts that the matter is removable because it asserts claims arising under federal securities law and it therefore asserts a claim under federal jurisdiction. The Plaintiff has moved to remand on numerous grounds, including that the removal petition was filed more than 30 days after Defendant received notice of the federal claim "through service or otherwise." Plaintiff further contends that Defendant's removal was also defective under the well established

unanimity requirement which provides that a defendant may only remove a matter where all properly served defendants join in the removal petition.  Defendant Pasternak's sole opposition to the remand motion is the assertion that the state court does not have jurisdiction over federal securities law claims.  Thus, Mr. Pasternak does not dispute that his removal petition did not properly join the other Defendants that were named and served.  Since this procedural defect was timely raised, the motion to remand must be granted.[1]  In light of the foregoing, the Court sees no need to file Mr. Pasternak's application for *in forma pauperis*, which was filed under seal.  The Court notes that under Local Civil Rule 5.3(c) no filing in a civil case may be made under seal absent a formal motion

    For these reasons,

    **IT IS** on this 23rd day of February, 2011,

    **ORDERED** that Plaintiff's motion for remand [docket entry no. 3] be and hereby is **GRANTED**; and it is further

    **ORDERED** that this case be and hereby is **REMANDED** to the Superior Court of New Jersey, Law Division, Morris County.

                                               s/Stanley R. Chesler
                                               STANLEY R. CHESLER
                                               United States District Judge

---

[1] Defendant's contention that federal securities claims may not be pursued in state court along with other bases for his motion to dismiss currently pending before this Court can be appropriately decided by the Superior Court of New Jersey, Law Division, Morris County on remand.